NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2522
_____

WHEELER ZAMICHIELI,
Appellant

v.

POLICE OFFICER WILLIAM ANDREWS; POLICE OFFICER MELVIN
VICTOR; THE CITY OF PHILADELPHIA; RONALD DOVE; JOHN
VERRECCHIO; JAMES PITTS; GEORGE FETTERS; WILLIAM GALLAGHER;
JOHN DOE BADGE B380; JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-03200)
District Judge: Honorable Eduardo C. Robreno
_____

Argued on November 6, 2023

Before: RESTREPO, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: July 19, 2024)

Tadhg Dooley
David R. Roth
WIGGIN & DANA
One Century Tower
265 Church Street
New Haven, CT 06510

David Herman          **[ARGUED]**
Varshini Parthasarathy     **[ARGUED]**
YALE LAW SCHOOL
ADVANCED APPELLATE LITIGATION PROJECT

127 Wall Street
New Haven, CT 06511
Counsel for Appellant

Meghan Byrnes
Zachary G. Strassburger       **[ARGUED]**
CITY OF PHILADELPHIA
LAW DEPARTMENT
1515 Arch Street
Philadelphia, PA 19102

John J. Hare
Shane Haselbarth       **[ARGUED]**
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
2000 Market Street, Ste. 2300
Philadelphia, PA 19103
Counsel for Appellees

———————

OPINION[*]

———————

RESTREPO, *Circuit Judge*.

Judicial economy does not excuse cutting corners, even in the most frustrating of circumstances. Wheeler Zamichieli, a largely pro se and incarcerated litigant whose case has languished for over twelve years, seeks to vindicate his civil rights following what one judge deemed an unconstitutional search and seizure. But another judge later granted summary judgment against him by ignoring material evidence that he should have inferred in Mr. Zamichieli's favor. Because ignoring that evidence was reversible error, we will vacate the District Court's judgment and remand his case for additional proceedings.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

2

# I

The government charged Mr. Zamichieli in 2011 with unlawful possession of a firearm under 18 U.S.C. §922(g)(1) after a Philadelphia police officer claimed that he saw a handgun in plain view during a routine traffic stop. At the ensuing suppression hearing, the involved officers gave conflicting testimony suggesting that Mr. Zamichieli had—early one February morning—turned on his car's interior lights and rolled down his darkly tinted driver-side window, allowing one officer to see a firearm on the front passenger seat. In stark contrast, Mr. Zamichieli testified that the gun was hidden *under* the seat and that the officers, without probable cause, had approached his vehicle with guns drawn, pulled him out at gunpoint, handcuffed him against a patrol car, and rummaged through the vehicle, eventually finding the firearm. Judge Berle M. Schiller credited Mr. Zamichieli's testimony about the weapon's location, finding the officers' version of the story "implausible." *United States v. Zamichieli*, No. 11-CR-393, 2011 WL 6133352, at *2 (E.D. Pa. Dec. 9, 2011). With the firearm suppressed, the government dismissed the case and freed Mr. Zamichieli after over five months in jail.

That turned out to be only act one of a three-part story. While detained on the first gun charge, the government was able to surveil Mr. Zamichieli's personal phone calls. In one call, he brazenly asked his then-fiancée to retrieve a second gun from his still-impounded vehicle and sell it. Prosecutors again charged Mr. Zamichieli under § 922(g)(1). After two trials before two different judges, two successful appeals, dozens of pro se filings, and extended periods of self-representation, a jury ultimately convicted Mr.

3

Zamichieli. But his admirable persistence over the last decade ensured that the sentence he served—120 months—was lower than the 210 months originally (and incorrectly) mandated. He returned home in 2023.

The third and final act is at issue here. In response to his experience with law enforcement, Mr. Zamichieli filed a civil rights complaint pursuant to 42 U.S.C. § 1983 nearly twelve years ago. The case, first assigned to Judge Eduardo C. Robreno, was reassigned to Judge Gregory M. Sleet of the District of Delaware in June 2013. Judge Sleet presided over the case until it was returned to Judge Robreno in March 2020, just as the COVID-19 pandemic hit. Throughout the case's lengthy history, Mr. Zamichieli has amended his complaint four times and the parties have clashed extensively over discovery. And for much of it, Mr. Zamichieli has either gone unrepresented or struggled with establishing a productive relationship with his counsel.[1] Simply put, and for a variety of reasons, Mr. Zamichieli's case has not moved through our justice system with ease.

Given these extensive delays, it should come as no surprise that by October 2020 Judge Robreno sought to fast-track the matter and called for a joint deposition of Mr. Zamichieli. In that deposition, Mr. Zamichieli, who was unable to contact his criminal defense attorney to discuss possible overlap between this case and his then-ongoing second criminal appeal, invoked his Fifth Amendment privilege in response to all questions about

---

[1] We are grateful to pro bono counsel and to the Yale Law School students they supervised for stepping in to assist Mr. Zamichieli at this stage. No matter the outcome, our system benefits tremendously when all litigants, irrespective of circumstance, have access to excellent representation that makes them feel heard.

the location of the gun in his vehicle. After the deposition, the defendants moved for summary judgment on all counts. The District Court granted it, finding that the record could not support Mr. Zamichieli's claims. Specifically, it found that there was no dispute of material fact regarding the gun's location since Mr. Zamichieli had invoked his right to remain silent every time the topic was raised. Although Mr. Zamichieli's brief opposing summary judgment referred to his 2011 suppression testimony, the District Court declined to consider it and only described his reticence at the more recent deposition.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of summary judgment de novo. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is only appropriate where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *SodexoMAGIC, LLC v. Drexel University*, 24 F.4th 183, 203–04 (3d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "material" if it has "the potential to affect the outcome of the suit." *Id.* at 204. And "in assessing the genuineness of a potential factual dispute, inferences from the underlying facts should be drawn in favor of the nonmoving party." *Id.* Thus, to defeat summary judgment, Mr. Zamichieli needed only show that a reasonable jury could resolve some genuine factual dispute in his favor.

## III

5

Mr. Zamichieli's brief opposing summary judgment highlighted a genuine dispute of material fact when it argued that he was "entitled to present the testimony presented at his suppression hearing which led [Judge Schiller] to determine that the officers' story regarding their search of [Mr.] Zamichieli's vehicle [was] implausible." App'x 650 (internal quotation marks omitted). By claiming that the gun was not on the seat, the lights were not on, and the tinted window was not rolled down on an early February morning, Mr. Zamichieli's sworn version of events directly contradicted the police defendants' sworn statements that the gun was on the front seat and that Mr. Zamichieli rolled down the car window and turned on his lights. The traffic stop's facts were *material* because they determined whether the gun was in plain view, and that determined whether seizing the gun was reasonable under the Fourth Amendment. This factual dispute was *genuine* because a reasonable jury could believe Mr. Zamichieli's version of events—just as Judge Schiller did in 2011. All of this forecloses summary judgment.

Instead of recognizing the dispute, the District Court ignored Mr. Zamichieli's testimony because it was "not bound by [Judge Schiller]'s credibility determination in the criminal action." App'x 10 n.7. But summary judgment does not depend on whether the District Court was "bound by" an earlier court's conclusions about evidence; it depends on the evidence's admissibility. Indeed, the Supreme Court has held that the nonmoving party need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, a court need only determine if the evidence is "capable of being admissible at trial." *FOP v. City*

6

*of Camden*, 842 F.3d 231, 238 (3d Cir. 2016); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (the nonmovant need only "explain the admissible form that is anticipated."). On remand, the District Court should consider whether Mr. Zamichieli's suppression hearing testimony could be admitted at trial.

Finally, the defendants argue that Mr. Zamichieli waived appellate review by failing to adequately guide the District Court to the testimony evidence. We disagree. A party opposing summary judgment must support assertions about disputed facts with citations to "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1).[2] Mr. Zamichieli did this by citing to his first criminal case when discussing his suppression hearing testimony. This citation did not ask the court to "search through an often voluminous written record for facts which might support the nonmovant's claim." *Childers v. Joseph*, 842 F.2d 689, 695 (3d Cir. 1988). On the contrary, the District Court acknowledged Mr. Zamichieli's attempt to cite the suppression hearing testimony and even cited the police officers' testimony from the *same* hearing.

## IV

Accordingly, we will vacate the District Court's grant of summary judgment and remand the case for proceedings consistent with this opinion.

---

[2] A court may also "consider other [uncited] materials in the record." Fed. R. Civ. P. 56(c)(3).